**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CLEARLAMP, LLC,           )<br>                                         )<br>     Plaintiff,                      )<br>                                         )     Case No. 12 C 2533<br>     v.                                )<br>                                         )     Judge Joan H. Lefkow<br>LKQ CORPORATION,     )<br>                                         )<br>     Defendant.                 ) | |

## OPINION AND ORDER

On March 18, 2016, the court entered summary judgment in favor of LKQ Corporation. (Dkts. 193, 194.) On April 18, 2016, under 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d), LKQ filed a bill of costs in the amount of $96,382.83. (Dkt. 201.) On May 10, 2016, Clearlamp, LLC, filed an opposition to the bill of costs. (Dkt. 207.) For the foregoing reasons, the court taxes costs in the amount of $10,347.49 and directs the parties to confer regarding reasonable airfares to be included.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Pursuant to 28 U.S.C. § 1920,

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;

> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

While the decision to award costs is left to the discretion of the trial court, there is a "strong presumption" that the prevailing party will recover its costs under Rule 54(d). *Contreras* v. *City of Chi.*, 119 F.3d 1286, 1295 (7th Cir. 1997); *see also Northbrook Excess & Surplus Ins. Co.* v. *Proctor & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991). In determining whether to award costs against the losing party, the court must determine "(1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable." *Majeske* v. *City of Chi.*, 218 F.3d 816, 824 (7th Cir. 2000). The "party seeking an award of costs carries the burden of" making this showing. *Trs. of the Chi. Plastering Inst. Pension Tr.* v. *Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009).

## ANALYSIS

**I.    Fees of the Clerk and Marshal—28 U.S.C. § 1920(1)**

LKQ seeks $31,961 as fees of the Clerk and Marshal made up of (1) $29,600.00 in costs relating to filing for *inter partes* review, (2) $2,286.00 in costs for service of subpoenas to third-party witnesses, and (3) $75.00 in costs associated with obtaining assignment histories. LKQ cites no precedent for a court to award filing fees for *inter partes* review under 28 U.S.C. § 1920(1) and has otherwise failed to convince the court that such fees are taxable in the present situation. Accordingly, the court declines to tax LKQ's *inter partes* review filing fees. LKQ is entitled to its costs for serving subpoenas to third parties. These costs, however, will be reduced to $510.00 to reflect one hour—since the invoices do not reflect the amount of time it took to

effect service—of the hourly rate charged by the U.S. Marshals Service for service of process.[1] *See Clarendon Nat'l Ins. Co.* v. *Medina*, No. 08 C 4245, 2010 WL 3526515, at *1 (N.D. Ill. Sept. 1, 2010) (noting that service fees under 28 U.S.C. § 1920(1) are capped by the U.S. Marshals Service rates and that "[w]hen an invoice fails to reflect the time spent effectuating service, courts typically award costs for one hour"). Clearlamp does not object to $75.00 for obtaining certified assignment histories. As such, those fees are taxed.

Accordingly, the court will tax $585.00 for fees of the Clerk and Marshal under 28 U.S.C. § 1920(1).

## II. Fees for Court Reporting and Transcripts—28 U.S.C. § 1920(2)

LKQ seeks a total of $25,256.56 as fees for court reporting and transcripts.

### A. No Objection

Clearlamp does not object to the fees, which have been reduced to the reflect the Judicial Conference rate, incurred to obtain the October 18, 2012, April 7, 2014, March 25, 2015, September 2, 2015, September 30, 2015, and March 4, 2016 hearing transcripts, the transcript and video deposition of Robert Sandau, and the deposition transcript of James Devlin.

Accordingly, the court will tax these fees in the amount reflected in the table at the end of this section.

### B. *Inter Partes* Review Depositions

Clearlamp objects to LKQ's request for transcript costs relating to depositions taken as part of *inter partes* review. It argues that these costs are not recoverable because the transcripts were not necessarily obtained for use in this case. (Dkt. 207 at 8.) According to Clearlamp, these

---

[1] This figure represents a rate of $55 per hour for the one subpoena served prior to 2013 and $65 per hour for the seven subpoenas served after 2013 to reflect the Marshal's service rates in effect at the time of service. *See* 28 C.F.R. § 0.114(a)(3); 78 Fed. Reg. 59817-01, 59817.

3

transcripts include those of the depositions of Dr. Francisco Yarde, Dimitris Katsamberis, Irving S. Rappaport, Michael Asselta, and Harvey Bell IV. (Dkt. 207 at 9.) These transcripts were all invoiced while this case was stayed pending *inter partes* review. (*See* dkt. 203-2 at 12–18 (providing invoice dates between June 13, 2013 and September 14, 2013); dkts. 43, 48, 62 (ordering and lifting stay).)

"The Court awards deposition charges if the deposition appears reasonably necessary in light of the facts known at the time of the deposition." *Hakim* v. *Accenture U.S. Pension Plan*, 901 F. Supp. 2d 1045, 1056 (N.D. Ill. 2012). LKQ provides no explanation as to why the depositions of Yarde, Katsamberis, and Bell were reasonably necessary for this case, and the court will not search through the record for LKQ to identify a reason. As to Rappaport's and Asselta's deposition transcripts, LKQ does assert that it relied on those deposition transcripts in its *inter partes* review reply brief. LKQ, however, does not provide any authority for its argument that deposition transcripts taken as part of and obtained for use in *inter partes* review are recoverable under 28 U.S.C. § 1920(2). To the extent that the court has identified any persuasive precedent, it is to the contrary. *See Credit Acceptance Corp.* v. *Westlake Srvs., LLC*, No. 13 C 01523, slip op. at 7 (C.D. Cal. Jan. 5, 2016) (rejecting the defendants' argument that depositions taken as part of a covered business method review were recoverable as costs under its local rules)). That is not to say that the cost of a transcript of a deposition taken in another matter cannot be taxed as costs. *Merix Pharm. Corp.* v. *Clinical Supplies Mgmt., Inc.*, 106 F. Supp. 3d 927, 943 (N.D. Ill. 2015) ("A prevailing party can recover transcripts under section 1920(2), including 'trial transcripts and transcripts from other court proceedings necessarily obtained for use in the case.'" (quoting *Majeske* v. *City of Chi.*, 218 F.3d 816, 825 (7th Cir.

2000)). But here LKQ has not demonstrated how the Rappaport and Asselta transcripts were necessarily obtained for use in this case.

Accordingly, the court will not tax costs for these depositions.

### C. Objections to Certain Deponents

Clearlamp also objects to LKQ's request for transcript costs relating to the depositions of Timothy Effert, Darion Redmon, William Cesarek, Scott Bishop, and Gary Eden. (Dkt. 207 at 9–12.) As to Effert, Redmon, Cesarek, and Eden, LKQ provides no discussion as to why these depositions were reasonably necessary other than its request for the "the cost of all hearing and deposition transcripts because they were necessary for use in this case, evidenced by both parties citing to them in their briefs." (Dkt. 202 at 3.) This assertion, which does not even appear to be accurate at least as to Effert's deposition, is the type of conclusional statement that is insufficient to demonstrate the necessity of the depositions. *See Wiley* v. *Oboikovitz*, No. 08 C 5316, 2011 WL 6019767, at *2 (N.D. Ill. Nov. 29, 2011) ("Defendants contend the costs should be allowed because the depositions were reasonable at the time they were taken. Defendants, however, conclusorily assert the depositions were reasonable; they do not explain why any of them were reasonable or necessary. . . . No costs related to the four depositions will be awarded."). On the other hand, Bishop's deposition was reasonably necessary at the time the deposition was taken and was subsequently incorporated into LKQ's final invalidity contentions.

Accordingly, costs for Bishop's deposition transcript will be taxed in the amount reflected in the table at the end of this section, but costs for transcripts of Effert, Redmon, Cesarek, and Eden will not be taxed.

### D. Partial Objections

Clearlamp lodges partial objections to taxing costs for the deposition transcripts of Michael Asselta (August 14, 2014), Maurice Paperi, David Hartman, Robert Wagman, Keith Weller, Dennis Holtzander, and Karin Maag. (Dkt. 207 at 12–16.)

### 1. Video Depositions

Clearlamp argues that costs should not be taxed for the video recording of the depositions of Asselta, Paperi, and Weller. LKQ argues that it is entitled to these costs because each deponent was outside of the subpoena power of the court. As this court has previously noted, more is needed to demonstrate that a video deposition is necessary than the deponent being outside of the court's subpoena power. *See Chi. Bd. Options Exch., Inc.* v. *Int'l Sec. Exch.*, No. 07 C 623, 2014 WL 125937, at *4 (N.D. Ill. Jan. 14, 2014) (citing *Trading Techs. Int'l Inc.* v. *eSpeed, Inc.*, 750 F. Supp. 2d 962, 976 (N.D. Ill. 2010)). LKQ provides that additional necessary information as to Weller, since he was also outside of the party's control as a non-party witness and, therefore, may very well have been unavailable at trial. *See id.* As to Asselta and Paperi, LKQ only supplements its argument that they are outside of the court's subpoena power by arguing that both are listed on Clearlamp's initial disclosures. Certainly listing them on Clearlamp's initial disclosure provides a reason for LKQ to depose them; it does not, however, provide any additional necessity for videotaping that deposition.

Accordingly, costs for Weller's video deposition will be taxed in the amount reflected in the table at the end of this section, but costs for Asselta's and Paperi's video depositions will not be taxed.

### 2. Ancillary Costs

Clearlamp argues that certain ancillary costs to the depositions should not be taxed. LKQ has not advanced any argument as to why these costs are recoverable in this case, instead only

6

noting that the court may award these costs at its discretion. Having provided no basis for the court to exercise its discretion, the court will not tax costs for these ancillary services except the reporter appearance fees for each of these depositions where such a fee is clear from the invoice and the videotape recording fees for Weller's deposition.[2]

Accordingly, the court will tax these ancillary costs in the amount reflected in the table at the conclusion of this section.

### E. Expedited Transcripts

Clearlamp next objects that costs should not be taxed for the fee associated with certain expedited transcripts. "Parties cannot recover the added cost of expedited transcripts unless they can show that it was reasonable and necessary to order transcripts on an expedited basis." *Neuros Co.* v. *KTurbo, Inc.*, No. 08 C 5939, 2011 WL 3841683, at *2 (N.D. Ill. Aug. 25, 2011) (citing *Winfrey* v. *City of Chi.*, No. 96 C 1208, 2000 WL 1222152, at *2 (N.D. Ill. Aug. 22, 2000)). LKQ argues that it was necessary to receive expedited copies of Rappaport's, Asselta's, Weller's, Bishop's, and Maag's deposition transcripts as well as the September 2, 2015 status hearing because each was taken or held shortly before certain filings were due. As noted above, the court is not taxing costs for Rappaport's or Asselta's *inter partes* review deposition and, as such, it will not tax the additional expedited cost for those transcripts. As to the remaining depositions and status hearing transcripts, it was reasonable and necessary for LKQ to receive these transcripts on an expedited basis, as they were incorporated into or relied on in preparation of submissions due within one month of the respective proceeding. *See Rexam Beverage Can Co.* v. *Bolger*, No. 06 C 2234, 2008 WL 5068824, at *8 (N.D. Ill. Nov. 25, 2008) (taxing expedited

---

[2] While Clearlamp argues that reporter appearance fees should not be allowed because LKQ has not shown the lengths of the depositions to be reasonable, the court finds Clearlamp's position inconsistent, since it is not objecting to the costs of obtaining the original and one copy of the transcripts for these depositions.

7

transcript costs because of proximity of time between deposition and filings). The court will therefore include the additional expediting fee in taxing costs for these transcripts.

The following table contains a summary of the transcript costs taxed:

| Transcript | Fees | | | |
|---|---|---|---|---|
| | Transcript[3] | Exhibits | Attendance[4] | Video |
| 10/18/2012 Motion to Stay | $9.90* | N/A | N/A | N/A |
| Robert Sandau Deposition | $375.20 | N/A | N/A | $345.00 |
| James Devlin | $332.85 | N/A | N/A | N/A |
| Francisco Yarde | N/A | N/A | N/A | N/A |
| Dimitris Katsamberis | N/A | N/A | N/A | N/A |
| Irving Rappaport | N/A | N/A | N/A | N/A |
| Michael Asselta (10/8/2013) | N/A | N/A | N/A | N/A |
| Harvey Bell IV (10/18/2013) | N/A | N/A | N/A | N/A |
| Harvey Bell IV (12/4/2013) | N/A | N/A | N/A | N/A |
| 4/7/2014 Status | $27.97* | N/A | N/A | N/A |
| Michael Asselta (8/14/2014) | $981.75 | $30.40 | $165.00 | N/A |
| Maurice Paperi | $759.20 | $135.50 | $220.00** | N/A |
| Timothy Effert | N/A | N/A | N/A | N/A |
| David Hartman | $426.40 | $16.75 | N/A | N/A |
| William Cesarek | N/A | N/A | N/A | N/A |
| 3/25/2015 Status | $29.20 | N/A | N/A | N/A |
| Scott Bishop | $184.30* | $19.00 | N/A | N/A |
| Keith Weller | $431.65 | $16.74 | $23.50 | $239.50[5] |
| Darin Redmon | N/A | N/A | N/A | N/A |
| Robert Wagman | $487.50 | $43.20 | N/A | N/A |
| Michael Asselta (8/20/2015) | $441.65* | $62.00 | $110** | N/A |
| Dennis Holtzlander | $545.00 | $44.00 | N/A | N/A |

---

[3] In accordance with Local Rule 54.1(b), when applicable or by the parties' agreement, as indicated by *, the court has reduced the transcript fee to the Judicial Conference rate of $3.65 per page for ordinary delivery, $0.90 per page for a copy, and $4.85 per page for expedited delivery. U.S. Dist. Ct. N.D. Ill, Transcript Rates, https://www.ilnd.uscourts.gov/Pages.aspx?rsp2kxYIAI6Z3skP0PESA+q3bXKkfRyo (last visited November 14, 2016).

[4] In accordance with Local Rule 54.1(b), when applicable or by the parties' agreement, as indicated by **, the court has reduced the reporter appearance fees to "$110 for one half day (4 hours or less), and $220 for a full day attendance fee." U.S. Dist. Ct. N.D. Ill, Transcript Rates, https://www.ilnd.uscourts.gov/Pages.aspx?rsp2kxYIAI6Z3skP0PESA+q3bXKkfRyo (last visited November 14, 2016).

[5] From reviewing the invoice (*see* dkt. 203-2 at 40–41), the only videotape recording fees in which the court is confident are those listed in the fourth of the invoices four sections. The court will tax all fees in this section except for the $17.50 video archiving fee.

| Transcript | Fees | | | |
|---|---|---|---|---|
| | Transcript[3] | Exhibits | Attendance[4] | Video |
| Karin Maag | $1,080.00 | $32.40 | N/A | N/A |
| 9/2/2015 Status | $42.35 | N/A | N/A | N/A |
| 9/30/2015 Claim Construction | $335.80* | N/A | N/A | N/A |
| Gary Eden | N/A | N/A | N/A | N/A |
| 3/4/2016 Summary Judgment | $108.90 | N/A | N/A | N/A |
| **Totals** | **$6,599.62** | **$399.99** | **$518.50** | **$584.50** |
| **Sum Total** | **$8,102.61** | | | |

### III.  Fees for Witnesses—28 U.S.C. § 1920(3)

LKQ seeks witness fees for the attendance of its expert, Karin Maag, at her deposition and the claim construction hearing, where she testified. While LKQ has reduced her actual costs to reflect two days—one day for her deposition and one day for her claim construction hearing—of the General Services Administration (GSA) per diem rate of $263.00 per day,[6] LKQ has sought the full amount—$7,737.50 and $6,528.20—of two roundtrip airfares from Zurich to Chicago. Clearlamp objects to these costs, arguing (1) that her testimony at the claim construction hearing was not reasonable and necessary and therefore neither her airfare nor per diem should be taxed, (2) that the airfare for her deposition should not be taxed because there was no reason LKQ could not have found a more conveniently located expert, and (3) any airfare that is taxed should be reduced to reflect a more moderate rate of travel.

Arguments (1) and (2) are unpersuasive. While the court noted in its claim construction ruling that Maag was not a person of ordinary skill in the art, that does not mean that her testimony was not reasonably necessary to the claim construction process. In fact, as the court noted during the hearing, it anticipated that her testimony would probably be helpful in understanding the disputed terms even if she was not speaking from the perspective of one of

---

[6] While the GSA per diem rate for Chicago, Illinois, for Maag's July 2015 trip was $263.00, this rate increased to $265.00 by the time of Maag's September 2015 trip. Gen. Servs. Admin., Per Diem Rates Look-Up, http://www.gsa.gov/portal/category/100120 (last visited Nov. 15, 2016). Since LKQ only requests $263.00 per trip, the court will not unilaterally increase its request to the full GSA per diem rate.

9

ordinary skill in the art. (*See* dkt. 221-10 at 15:20–24.) In addition, Clearlamp has cited no authority in support of its argument that parties must geographically restrict their search in order for an expert's witness fee to be taxed as costs.

The court, however, does find the amount of airfare requested to be unreasonable. The invoice that LKQ attached to its bill of costs indicates that Maag flew in classes D and Z, which are business class designation for Swiss International Air Lines. *See* Swiss Intn'l Air Lines, Frequently Asked Questions: Booking & Services, https://www.swiss.com/hk/en/customer-support/faq-help/booking-and-services.html (last visited Nov. 14, 2016). An internet search reveals that even last minute economy tickets between the two cities can be had on Swiss Air for approximately $1,000. This internet search notwithstanding, the court is without a basis to determine what a comparable economy class ticket on or around the days of travel would have cost.[7] *See MEMC Elec. Materials* v. *Mitsubishi Materials*, No. C-01-4925, 2004 WL 5361246, at *8 (N.D. Cal. Oct. 22, 2004) (noting that "it is clear that § 1821(c)(1) does not authorize an award of costs for the expense of first class airfare" and recommending the awarding of reasonable airfare).

Accordingly, the court will tax $526.00 for the two days of per diem requested and directs the parties to confer regarding the reasonable price of an economy class ticket during the travel dates in question and propose an agreed amount to the court.

## IV. Fees for Exemplification and Copies—28 U.S.C. § 1920

LKQ seeks that $26,659.57 be taxed for exemplification, electronic discovery, and copying. Clearlamp objects to each category of costs.

---

[7] While Clearlamp attached a prospective itinerary for a Zurich to Chicago flight to its brief (*see* dkt. 207-1), that itinerary does not reflect what the cost would have been during the relevant dates of travel.

A.  Exemplification Costs

LKQ's bill of costs and memorandum in support are rather opaque, but from what the court can gather from the exhibits attached to the bill of costs, LKQ seeks (1) $594.00 for demonstrative boards created for the claim construction hearing, (2) $4,532.50 for the attorney time spent creating, reviewing, and revising the slides for the claim construction hearing, (3) $3,193.00 for the attorney time spent creating and revising slides for the summary judgment hearing, and (4) $6,980.00 for graphic work for the *inter partes* review hearing.

A court may tax exemplification costs, which include "models, charts, graphs, and the like," and "other types of computer-based, multimedia displays." *See Cefalu* v. *Vill. of Elk Grove*, 211 F.3d 416, 428 (7th Cir. 2000). "[A] particular item qualifies as exemplification, . . . [if] it was 'necessarily obtained for use in the case,'" i.e., it was "reasonably necessary to the presentation of one's case." *Id.* at 428–29 (quoting 28 U.S.C. § 1920(4)). To make that determination, among other factors, a court "might consider . . . whether the nature and context of the information being presented genuinely called for the means of illustration that the party employed. In other words, was the exemplification vital to the presentation of the information, or was it merely a convenience or, worse, an extravagance?" *Id.*

Clearlamp argues that the cost of the claim construction demonstrative boards is not recoverable because the boards were a mere convenience. The court will not draw as fine a line as Clearlamp would like. LKQ used the boards during the hearing to highlight and direct the court to particular claim language. While another means could have been used, that does not show that the boards were not reasonable necessary to the presentation of LKQ's case. *See id.* at 428 (noting, in an illustrative example, that costs may be taxed for enlarging a crucial document to avoid "the jurors and the judge poring over individual, unenlarged copies of the document

11

with bifocals and magnifying glasses as they try to keep pace with an expert's testimony"). Accordingly, the court will tax $594.00 for the claim construction hearing demonstrative boards.

The attorney time spent by LKQ creating its claim construction and summary judgment slide decks are properly considered attorney time, not costs for creating a demonstrative. *See Citigroup Global Markets, Inc.* v. *Abbar*, 63 F. Supp. 3d 360, 362 (S.D.N.Y. 2014) (citing local rule and noting that "allowance of taxable costs must be confined to the reasonable expense of [demonstratives'] preparation, and must exclude those parts which otherwise would have to be done by counsel and thus fall under attorney's fees, which are not recoverable"); *see also Cefalu*, 211 F.3d at 427 n.5 ("The line that these cases draw, however, is one between the cost of conducting the research and analysis eventually reflected in the exhibit, and the cost of actually preparing the exhibit itself. The latter expense is deemed compensable while the former is not."). Accordingly, the court will not tax costs for LKQ's attorney time.

Lastly, LKQ has not demonstrated how any demonstratives used for the *inter partes* review hearing were reasonably necessary for this case. Accordingly, the court will not tax these costs.

**B.     Electronic Discovery Costs**

It appears that LKQ seeks that two categories of electronic discovery costs be taxed: (1) the cost incurred for processing electronically stored information into its document database and (2) the cost for scanning documents provided by third-party witness, Bill Cesarek. This court, *see Chi. Bd. Options Exch.*, 2014 WL 125937 at *8–9, and other courts in this district, *see, e.g.*, *Intercontinental Great Brands LLC* v. *Kellogg N. Am. Co.*, No. 13 C 321, 2016 WL 316865, at *6–7 (N.D. Ill. Jan. 26, 2016), have summarized the case law relating to what electronic discovery costs are recoverable. As stated in those opinions, a prevailing party "may not recover

expenses for creating a litigation database, 'electronic data hosting' or other steps (such as analyzing metadata or deduplication) 'leading up to' making copies of materials." *Chi. Bd. Options Exch.*, 2014 WL 125937, at *9 (quoting *Johnson* v. *Allstate Ins. Co.*, No. 07 C 781, 2012 WL 4936598, at *6–7 (S.D. Ill. Oct. 16, 2012)). The billing entries attached to LKQ's bill of costs show that the costs it seeks to recover is among those prohibited categories and, therefore, those costs will not be taxed. The court, however, will tax the scanning costs incurred by LKQ, as such costs are properly treated as copies. The court will not tax the additional pickup and delivery or online record access charges that appear on the invoice submitted by LKQ. These types of delivery costs are ordinary business expenses and are not taxed as costs. *See Specht* v. *Google Inc.*, No. 09 C 2572, 2011 WL 2565666, at *2 (N.D. Ill. June 27, 2011) (noting in the transcript context that "[s]hipping charges are ordinary business expenses" and are not taxed as costs).

Accordingly, the court will tax $539.88 as electronic discovery costs.

### C. Printing and Copying Costs

LKQ seeks $9,193.00 to be taxed as printing and copying costs. A party is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs. Rather, [it is] required to provide the best breakdown obtainable from retained records." *Northbrook Excess*, 924 F.2d at 643. That said, a "court cannot award . . . copying costs without some confidence that the costs are properly recoverable." *Fait* v. *Hummel*, No. 01 C 2771, 2002 WL 31433424, at *5 (N.D. Ill. Oct. 30, 2002). Even if invoices provide the number of pages and the per page rate, "a more detailed affidavit or some other reliable verification that the copied documents were necessary to presenting evidence to the court" is needed. *Id.* Here, LKQ has failed to provide anything more

than what appear to be monthly totals for internal copying and printing and an outside vendor charge for printing in Troy, Michigan. From these materials it is unclear to what extent these copying and printing charges are recoverable or were merely for the convenience of LKQ's attorneys. Without providing more, the court lacks confidence in LKQ's bill of costs and declines to tax printing and copying costs.

## V. Staying Costs

Clearlamp requests that the court stay taxing any costs pending resolution of its appeal to the Federal Circuit.[8] A district court has discretion whether to enforce an award of costs while a substantive appeal is pending. *See Dishman* v. *Cleary*, 279 F.R.D. 460, 464–65 (N.D. Ill. 2012). Other than stating its request, Clearlamp provides no basis for the court to exercise its discretion. Accordingly, the court will not stay the enforcement of the bill of costs pending Clearlamp's appeal to the Federal Circuit.

**CONCLUSION AND ORDER**

For the reasons stated above, the court taxes $10,347.49 under 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d), which is includes (1) $585.00 for fees of the Clerk and Marshal, (2) $8,102.61 for fees for court reporting and transcripts, (3) $526.00 for fees for witnesses, and (4) $1,133.88 for fees for exemplification and copying. The parties are directed to confer regarding the price of an economy class ticket on or around Maag's travel dates and propose an agreed amount to the court.

Date: November 29, 2016

_____
U.S. District Judge Joan H. Lefkow

---

[8] Clearlamp also requested, under Federal Rule of Civil Procedure 62(b), that the court stay taxing any costs pending resolution of its motion for reconsideration. Since requesting the stay, the court has denied Clearlamp's motion for reconsideration. (Dkt. 217.) That request, therefore, is moot.

14